| STATE OF WYOMING | COUNTY OF SWEETWATER |
|---|---|

| | |
|---|---|
| GUY E. DONA<br>*Plaintiff*<br><br>-vs-<br><br>COLLECTION PROFESSIONALS INC.,<br>A Wyoming Corporation,<br><br>BRADLEY G. TAYLOR,<br><br>DENNIS R. LAWRENCE,<br><br>KAREN B. LOUGHAN,<br><br>MEMORIAL HOSPITAL OF SWEETWATER COUNTY,<br><br>JOHN DOE I through V, as employees of Collection Professionals, Inc.,<br><br>JOHN DOE VI through X, as shareholders for Collection Professionals, Inc.,<br><br>JOHN DOE XI through XV, as officers or Directors of Collection Professionals, Inc.,<br><br>JOHN DOE XVI through XX, as attorneys for Collection Professionals, Inc.,<br><br>*Defendants* | IN THE DISTRICT COURT<br>THIRD JUDICIAL DISTRICT<br>PO BOX 430<br>GREEN RIVER, WYOMING 82931-0430<br><br>Case Number: C-11-265-R<br><br>FILED<br>DISTRICT COURT<br>THIRD JUDICIAL DISTRICT<br>SWEETWATER COUNTY WY<br><br>MAR 29 2011<br><br>DONNA LEE BOECK<br>CLERK OF COURT<br>BY_____<br>DEPUTY CLERK |

## COMPLAINT

**COMES NOW** the above captioned Plaintiff by and through the undersigned firm of attorneys, and hereby files for relief against the above captioned Defendants stating and alleging, in addition to such further evidentiary support as discovery is likely to reveal, as follows:

### FACTS COMMON TO ALL COUNTS

1. That venue and jurisdiction are proper in Sweetwater County as the events surrounding Plaintiff's claims occurred in the county and/or the Defendants have availed themselves of jurisdiction in said county by doing business therein.
2. That on March 10, 2011 the claim required under W.S. §1-39-113(c) was filed in accordance with W.S. §1-39-113. Said Notice of Claim is attached hereto as Exhibit "B" and incorporated herein by reference for all purposes.
3. Said claim was in compliance with the signature and certification requirements of article 16, section 7 of the Wyoming Constitution.
4. That before, on, and/or after March 24, 2010 Plaintiff was the fee simple owner of real property located in Sweetwater County.

5. That on or about March 24, 2010 the document attached hereto as Exhibit "A" and incorporated herein by reference for all purposes, hereinafter referred to as "**Medical Lien**", was filed in the county records of Sweetwater County as a lien against Plaintiff's real property.
6. That the filing of the Medical Lien was a violation of applicable law.
7. That the unlawful Medical Lien indicates on its face that it was filed by Collection Professionals, Inc. ("**CPI**").
8. That the unlawful Medical Lien indicates on its face that "CPI [was] acting as agent for..." Memorial Hospital of Sweetwater County.
9. That the unlawful Medical Lien indicates on its face that it is a "...lien against any real property owned by [Plaintiff] including but not limited to property owned at ... Legal Description: Country Club 2nd B 08 L 08."
10. That the unlawful Medical Lien indicates on its face that the Plaintiff's "property may not be sold, traded, deeded, willed or in any way change ownership without payment in full to be made directly to Collection Professionals, Inc...."
11. The unlawful Medical Lien states on its face that it was acknowledged by Karen B. Loughan who signed the document under oath and witnessed by a notary public.
12. The unlawful Medical Lien discloses to the public and the entire world debts alleged to be owed by the Plaintiff and the names of those providing medical services to the Plaintiff or the Plaintiff's immediate family.
13. Upon belief and information, CPI mailed a letter to the Plaintiff stating that a lien was filed against the Plaintiff's property and requesting payment of the alleged debt.
14. That the filing of the Medical Lien and/or sending notice of the filing to the Plaintiff was an attempt to collect an alleged debt against the Plaintiff.
15. Memorial Hospital of Sweetwater County is a disclosed principal of their agent, CPI, which acted under either actual authority given in writing or orally from Memorial Hospital of Sweetwater County; implied actual authority based on the dealings between CPI and Memorial Hospital of Sweetwater County and circumstances surrounding the case; or apparent authority when Memorial Hospital of Sweetwater County allowed CPI to claim such authority and a third party could reasonably know of, and rely on, the apparent authority.

### COUNT 1: VIOLATION OF 15 U.S.C.A. § 1692c(b)

16. That the Plaintiff hereby restates paragraphs "1" through "14" as if fully set forth herein.
17. That John Does VI - X are the shareholders of CPI.
18. That Dennis R. Lawrence and John Does XI – XV are the officers and/or directors of CPI.
19. That Karen B. Loughan and John Does I - V are employees of CPI.
20. That Bradley G. Taylor is the resident manager of CPI for each of the CPI offices in the State of Wyoming.
21. That John Does XVI - XX are attorneys for CPI.
22. That CPI is a Debt Collector as defined by 15 U.S.C.A. § 1692a(6) in that CPI "uses any instrumentality of interstate commerce or the mails in [its] business the principal purpose of which is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

23. That CPI's resident manager, employees, attorneys, shareholders, officers, and directors are Debt Collector as defined by 15 U.S.C.A. § 1692a(6) in that they use any instrumentality of interstate commerce or the mails in their business the principal purpose of which is the collection of any debt, or they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.
24. That Memorial Hospital of Sweetwater County is a Debt Collector as defined by 15 U.S.C.A. § 1692a(6) in that Memorial Hospital of Sweetwater County collects their own debts through their agent, CPI, while using the name of CPI to indicate to the least sophisticated debtor that a third person is collecting or attempting to collect such debts.
25. That the Defendants were all personally involved in authorizing, allowing, ratifying, drafting, preparing, merging, mailing, and/or filing: the Medical Lien; the notice of the medical lien mailed to the Plaintiffs; and/or other unlawful collection actions surrounding the filing of the false Medical Lien.
26. That the Plaintiff is a consumer as defined by 15 U.S.C.A. § 1692a(3) in that the Plaintiff is a "...natural person ... allegedly obligated to pay [a] debt."
27. That the obligations alleged to be owed by the Plaintiff on the Medical Lien are Debts as defined by 15 U.S.C.A. § 1692a(5) in that they are "... an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."
28. That the filing of the Medical Lien in the public County Records in which Plaintiff's alleged debts were directly disclosed to the county clerk or deputy clerk and constructively disclosed to the world, violated 15 U.S.C.A. § 1692c(b) in that the disclosure was performed "without the prior consent of the [Plaintiff] given directly to the [Defendants] or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy...."

### COUNT 2: VIOLATION OF 15 U.S.C.A. § 1692e(2)(A)

29. That the Plaintiff hereby restates paragraphs "1" through "27" as if fully set forth herein.
30. Defendants violated 15 U.S.C.A. § 1692e(2)(A) by filing the Medical Lien and/or mailing notice of said filing to the Plaintiff which falsely represented the character of the Plaintiff's alleged Debt as secured by the Plaintiff's real property.

### COUNT 3: VIOLATION OF 15 U.S.C.A. § 1692e(4)

31. That the Plaintiff hereby restates paragraphs "1" through "27" as if fully set forth herein.
32. Defendants violated 15 U.S.C.A. § 1692e(4) by filing the Medical Lien and/or mailing notice of said filing to the Plaintiff which represented that the nonpayment of the debt will result in the attachment of the Plaintiff's property when such action was unlawful.

### COUNT 4: VIOLATION OF 15 U.S.C.A. § 1692e(10) BY CPI

33. That the Plaintiff hereby restates paragraphs "1" through "27" as if fully set forth herein.
34. Defendants violated 15 U.S.C.A. § 1692e(10) by filing the Medical Lien and/or mailing notice of said filing to the Plaintiff which falsely and deceptively represented that, 1) the Plaintiff's alleged Debt is secured by the Plaintiff's real property, and 2) the Plaintiff's property could not be sold,

traded, deeded, willed or in any way change ownership without payment in full in an attempt to collect payment of said alleged Debt.

### COUNT 5: VIOLATION OF 15 U.S.C.A. § 1692f(6)

35. That the Plaintiff hereby restates paragraphs "1" through "27" as if fully set forth herein.
36. Defendants violated 15 U.S.C.A. § 1692f(6) by filing the Medical Lien, which was a nonjudicial action to effect disposition or disablement of the Plaintiff's bundle of property rights, when the Defendants had no present right to possession of the property claimed as collateral through an enforceable security interest.

### COUNT 6: VIOLATION OF CHAPTER 4, SECTION 6 OF THE "RULES & REGULATIONS OF THE COLLECTION AGENCY BOARD"

37. That the Plaintiff hereby restates paragraphs "1" through "27" as if fully set forth herein.
38. That Chapter 4, Section 6 of the Rules & Regulations of the Collection Agency Board ("Regulations") creates a state cause of action and private right of action for damages for conduct that violates the provisions of the "Fair Debt Collection Practices Act (FDCPA) as issued and amended as of October 13, 2006, and contained in Title I of the Consumer Credit Protection Act (15 U.S.C. 1601 et seq.)."
39. That CPI's filing of the Medical Lien in the public County Records in which Plaintiff's alleged debts were directly disclosed to the county clerk or deputy clerk and constructively disclosed to the world, violated Chapter 4, Section 6 of the Regulations in that the disclosure was performed without the prior consent of the Plaintiff given directly to the Defendants or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy.
40. The Defendants violated Chapter 4, Section 6 of the Regulations by filing the Medical Lien and/or mailing notice of said filing to the Plaintiff which falsely represented the character of the Plaintiff's alleged Debt as secured by the Plaintiff real property.
41. The Defendants violated Chapter 4, Section 6 of the Regulations by filing the Medical Lien and/or mailing notice of said filing to the Plaintiff which represented that the nonpayment of the debt will result in the attachment of the Plaintiff's property when such action was unlawful.
42. The Defendants violated Chapter 4, Section 6 of the Regulations by filing the Medical Lien and/or mailing notice of said filing to the Plaintiff which falsely and deceptively represented that, 1) the Plaintiff's alleged Debt is secured by the Plaintiff's real property, and 2) the Plaintiff's property could not be sold, traded, deeded, willed or in any way change ownership without payment in full, in an attempt to collect payment of said alleged Debt.
43. The Defendants violated Chapter 4, Section 6 of the Regulations by filing the Medical Lien, which was a nonjudicial action to effect disposition or disablement of the Plaintiff's bundle of property rights, when the Defendants had no present right to possession of the property claimed as collateral through an enforceable security interest.

### COUNT 7: NEGLIGENCE

44. That the Plaintiff hereby restates paragraphs "1" through "15" as if fully set forth herein.
45. That pursuant to the Health Insurance Portability and Accountability Act (42 U.S.C.A. 1302(a); 42 U.S.C.A. 1320d through 1320d-7; Public Law 104 et seq., 42 CFR 1395x et seq.,), Fair Debt

Collection Practices Act (15 W.S.C.A. § 1601 et. seq.), Wyoming's adoption of the Fair Debt Collections Practices Act (Rules & Reg. of the Collection Agency Board), Wyo. Stat. § 35-2-605 through Wyo. Stat. § 35-2-617, and/or common law, Defendants had a duty to maintain confidential and not disclose to the public the Plaintiff's alleged debts or the names of medical service providers that provided services to the Plaintiff or Plaintiff's immediate family and a duty to ensure non-disclosure compliance by all agents, contractors and/or business associates of Defendants.

46. That the Defendants breached their duty to maintain confidential such information by willfully and wantonly publishing, allowing to be published, and/or failing to take required steps to prevent the publication, to the public and the world, the information contained on the Medical Lien.

47. That the publishing of the Medical Lien caused the Plaintiff to experience, *inter alia*, fright, angst, anxiety, worry, embarrassment, humiliation, mental anguish and/or emotional distress as well as damage to Plaintiff's credit and/or other property.

## COUNT 8: DEFAMATION OF CHARACTER

48. That the Plaintiff hereby restates paragraphs "1" through "15" as if fully set forth herein.
49. That the Medical Lien falsely stated that the Plaintiff's alleged debt was secured and that Plaintiff's "property may not be sold, traded, deeded, willed or in any way change ownership without payment in full to be made directly to Collection Professionals, Inc...."
50. That the false Medical Lien was published to the county clerk or deputy clerk, credit reporting agencies, and constructively to the whole world.
51. That the false information contained in the Medical Lien was willfully and wantonly published.
52. That the publication of the Medical Lien caused harm to the Plaintiff's reputation by holding the Plaintiff up to ridicule and/or scorn.

## COUNT 9: INVASION OF PRIVACY

53. That the Plaintiff hereby restates paragraphs "1" through "15" as if fully set forth herein.
54. Defendants' unlawful disclosure of private health and financial information gave unreasonable and illegal publicity to the Plaintiff's private life
55. Said disclosure was in a manner that would be highly offensive to a reasonable person and is not a legitimate concern to the public.

## COUNT 10: INVASION OF PRIVACY

56. That the Plaintiff hereby restates paragraphs "1" through "15" as if fully set forth herein.
57. Defendants' improper lien falsely characterized the nature of the alleged debt as secured by the Plaintiff's real property.
58. Defendants falsely declaring that the alleged debt was secured by the Plaintiff's real property gave publicity that unreasonably placed the Plaintiff in a false light before the public.
59. Said disclosure was in a manner that would be highly offensive to a reasonable person and the Defendants has knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the Plaintiff would be placed.

<u>**COUNT 11: IMPROPER DISCLOSURE OF HEALTH CARE INFORMATION**</u>

60. That the Plaintiff hereby restates paragraphs "1" through "15" as if fully set forth herein.
61. That Memorial Hospital of Sweetwater County qualify as a Hospital as defined by Wyo. Stat. § 35-2-605(a)(ix) as "establishments with organized medical staff, with permanent facilities that include inpatient beds, and with medical services, including physician services and continuous nursing services, to provide diagnosis, treatment and continuity of care for patients."
62. That CPI represented its self as agent for Memorial Hospital of Sweetwater County on the Medical Lien and in fact was acting as Memorial Hospital of Sweetwater County's agent when CPI filed the Medical Lien in the County's public records.
63. That the Medical Lien discloses to the public and the world that the Plaintiff or the Plaintiff's immediate family member is and/or was a patient of the medical service providers named on the Medical Lien.
64. That the information contained on the Medical Lien is Health Care Information as defined by Wyo. Stat. §35-2-605(a)(vii) in that it "...identifies or can reasonable be associated with the identity of a patient and relates to a patient's health care...."
65. That the Hospitals disclosed health care information in violation of Wyo. Stat. §35-2-606.

**WHEREFORE**, the Plaintiff demands judgment from the Defendants in the amounts set forth below:

    Plaintiff demands judgment against **CPI** in the amount of not less than $12,935 consisting of the following:
  a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;
  b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;
  c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;
  d. Code damages in an amount not less than $5,000.00;
  e. Statutory damages in an amount not less than $5,000.00;
  f. Punitive damages in an amount to be determined by the jury;
  g. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;
  h. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

    Plaintiff demands judgment against **Bradley G Taylor** in the amount of not less than $12,935 consisting of the following:
  a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;
  b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;
  c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;
  d. Code damages in an amount not less than $5,000.00;
  e. Statutory damages in an amount not less than $5,000.00;
  f. Punitive damages in an amount to be determined by the jury, and;

  g. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;

  h. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against **Dennis R. Lawrence** in the amount of not less than $12,935 consisting of the following:

  a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;

  b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;

  c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;

  d. Code damages in an amount not less than $5,000.00;

  e. Statutory damages in an amount not less than $5,000.00;

  f. Punitive damages in an amount to be determined by the jury, and;

  g. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;

  h. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against **Karen B. Loughan** in the amount of not less than $12,935 consisting of the following:

  a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;

  b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;

  c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;

  d. Code damages in an amount not less than $5,000.00;

  e. Statutory damages in an amount not less than $5,000.00;

  f. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;

  g. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against **Memorial Hospital of Sweetwater County** in the amount of not less than $12,935 consisting of the following:

  a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;

  b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;

  c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;

  d. Code damages in an amount not less than $5,000.00;

  e. Statutory damages in an amount not less than $5,000.00;

    f.  Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;

    g.  Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against each **JOHN DOE I through V, as employees of CPI,** in the amount of not less than $12,935 consisting of the following:
    a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;
    b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;
    c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;
    d. Code damages in an amount not less than $5,000.00;
    e. Statutory damages in an amount not less than $5,000.00;
    f. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;
    g. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against each **JOHN DOE VI through X, as shareholders for CPI,** in the amount of not less than $12,935 consisting of the following:
    a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;
    b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;
    c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;
    d. Code damages in an amount not less than $5,000.00;
    e. Statutory damages in an amount not less than $5,000.00;
    f. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;
    g. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against each **JOHN DOE XI through XV, as officers or Directors of CPI,** in the amount of not less than $12,935 consisting of the following:
    a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;
    b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;
    c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;
    d. Code damages in an amount not less than $5,000.00;
    e. Statutory damages in an amount not less than $5,000.00;
    f. Punitive damages in an amount to be determined by the jury;
    g. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;

h. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against each **JOHN DOE XVI through XX, as attorneys for CPI,** in the amount of not less than $12,935 consisting of the following:

a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;

b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;

c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;

d. Code damages in an amount not less than $5,000.00;

e. Statutory damages in an amount not less than $5,000.00;

f. Punitive damages in an amount to be determined by the jury;

g. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;

h. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

together with Attorneys' fees, expenses, and costs as may accrue hereafter and allowed by law, and for such further relief as the court may deem just and proper.

DATED this _17_ day of March, 2011.

BASIN LAW GROUP, LLC

By: _____
J. Philip Bott Bar #: 6-4199
*Attorneys for Plaintiff*
210 N Bent Street
Powell, Wyoming 82435
Telephone: 307/271-6008
Fax: 307/754-3482

# Exhibit A

# Copy of Medical Liens

**MEDICAL SERVICES PROVIDER LIEN**
COLLECTION PROFESSIONALS, INC
P.O. BOX 2088
SHERIDAN WY 82801
307-672-6424

SABRINA L DONA
GUY E DONA
1331 KIMBERLY AVE
ROCK SPRINGS, WY 82901

RECORDED 6/22/2010 AT 09:08 AM RECD 1883789 BK 1166 PG 0866
STEVEN DALE DAVIS, CLERK of SWEETWATER COUNTY, WYPage 1 of 1

03-24-10

Collection Professionals, Inc., acting as agent for the clients listed below including services rendered by the same clients, is hereby filing a lien against any real property owned by SABRINA L DONA AND GUY E DONA including but not limited to property owned at 1331 KIMBERLY AVE ROCK SPRINGS, WY 82901.

Legal Description:
COUNTRY CLUB 2ND B 08 L 08

Property may not be sold, traded, deeded, willed or in any way change ownership without payment in full to be made directly to Collection Professionals, Inc. up to amounts necessary to retire the indebtedness listed below in full, including additional accruing interest.

Name: KAREN B. LOUGHAN Account Executive for Collection Professionals, Inc.
P.O. BOX 2088, SHERIDAN WY 82801.

Signature: _Karen B Loughan_ Date: 3-24-10

State of Wyoming )
                 )
County of SHERIDAN )

The foregoing instrument was acknowledged before me by KAREN B. LOUGHAN Account Executive for Collection Professionals, Inc., P.O. BOX 2088, SHERIDAN WY 82801.

This 24 day of MARCH 20 10.

_Maryann Kann_
Notary Public

Clients included in this lien:

| CREDITOR/ACCOUNT NUMBER | AMT/SVC DT | INTEREST | FEES | TOTAL |
|---|---|---|---|---|
| MEMORIAL HOSPITAL OF SWEETWATE | 659.66 | 44.91 | 0.00 | 704.57 |
| 0800609828 | 03-15-09 | | | |
| TOTAL | 659.66 | 44.91 | 0.00 | 704.57 |

WY-MSPL 1402210

# Exhibit B

# Copy of Governmental Claims Act Notice

March 8, 2011

**Memorial Hospital of Sweetwater County**
205 C Street
Rock Springs, Wyoming 82901

RE: Claim of Guy E. Dona ("Claimant")

### NOTICE OF CLAIMS

This Notice of Claims is authorized and submitted pursuant to the Wyoming Governmental Claims Act, Wyo. Stat. Ann. §§1-39-101 to 1-39-121, particularly §1-39-113. This Notice has been signed and certified in compliance with the requirements set forth in article 16, section 7 of the Wyoming Constitution. Claimant, by and through J. Philip Bott, attorney at law, of Basin Law Group, LLC, presents this following claim and demand for payment against Memorial Hospital of Sweetwater County.

- A. **TIME, PLACE AND CIRCUMSTANCES OF LOSS/INJURY:** As a basis for Claimant's Claim, Claimant states as follows:
  - a. **GENERAL FACTS**
    - i. That before, on, and/or after March 24, 2010 Claimant was the fee simple owner of real property located in Sweetwater County.
    - ii. That on or about March 24, 2010 the document attached hereto as Exhibit "A" and incorporated herein by reference for all purposes, hereinafter referred to as "**Medical Lien**," was filed in the county records of Sweetwater County as a lien against Claimant's real property.
    - iii. That the filing of the Medical Lien was a violation of applicable law.
    - iv. That the unlawful Medical Lien indicates on its face that it was filed by Collection Professionals, Inc. ("CPI").
    - v. That the unlawful Medical Lien indicates on its face that "CPI [was] acting as agent for..."Memorial Hospital of Sweetwater County.
    - vi. That the unlawful Medical Lien indicates on its face that it is a "...lien against any real property owned by [Claimant] including but not limited to property owned at ... Legal Description: Country Club 2nd B 08 L 08."
    - vii. That the unlawful Medical Lien indicates on its face that Claimant's "property may not be sold, traded, deeded, willed or in any way change ownership without payment in full to be made directly to Collection Professionals, Inc...."
    - viii. The unlawful Medical Lien discloses to the public and the entire world debts alleged to be owed by Claimant and the names of those providing medical services to Claimant or Claimant's immediate family.
    - ix. That the filing of the Medical Lien and/or sending notice of the filing to Claimant was an attempt to collect an alleged debt against Claimant.
    - x. Memorial Hospital of Sweetwater County is a disclosed principal of their agent, CPI, which acted under either actual authority given in writing or orally from Memorial Hospital of Sweetwater County; implied actual authority based on the

        dealings between CPI and Memorial Hospital of Sweetwater County and circumstances surrounding the case; or apparent authority when Memorial Hospital of Sweetwater County allowed CPI to claim such authority and a third party could reasonably know of, and rely on, the apparent authority.

    xi. That Memorial Hospital of Sweetwater County is a Debt Collector as defined by 15 U.S.C.A. § 1692a(6) in that Memorial Hospital of Sweetwater County collects their own debts through their agent, CPI, while using the name of CPI to indicate to the least sophisticated debtor that a third person is collecting or attempting to collect such debts.

    xii. That Memorial Hospital of Sweetwater County was involved in authorizing, ratifying, drafting, preparing, merging, mailing, and/or filing: the Medical Lien; the notice of the medical lien mailed to Claimant; and/or other unlawful collection actions surrounding the filing of the false Medical Lien.

    xiii. That Claimant is a consumer as defined by 15 U.S.C.A. § 1692a(3) in that Claimant is a "...natural person ... allegedly obligated to pay [a] debt."

    xiv. That the obligations alleged to be owed by Claimant on the Medical Lien are Debts as defined by 15 U.S.C.A. § 1692a(5) in that they are "... an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

  b. **Violation of Wyoming State Lien Laws – W.S. §29-1-101 et seq.**

    i. The Medical Liens filed against Claimant's real property are without statutory or contractual basis according to Wyoming law;

    ii. Said liens were recorded without proper notice or contents as required by Title 29 of the Wyoming Statutes;

    iii. At the time said liens were recorded the Respondents knew the lien was groundless or contained a material misstatement or false claim;

    iv. The actions of the Respondent have required that the Claimant seek relief under W.S. § 29-1-311 by the filing of a statutory petition.

  c. **Violation of 15 U.S.C.A. §1692c(b) and Chapter 4, Section 6 of the Rules & Regulations of the Wyoming Collection Agency Board**

    i. That the filing of the Medical Lien in the public County Records in which Claimant's alleged debts were directly disclosed to the county clerk or deputy clerk and constructively disclosed to the world, violated 15 U.S.C.A. § 1692c(b) in that the disclosure was performed "without the prior consent of the [Claimant] given directly to [Defendant] or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy...."

d. **Violation of 15 U.S.C.A. §1692e(2)(A) and Chapter 4, Section 6 of the Rules & Regulations of the Wyoming Collection Agency Board**
    i. Memorial Hospital of Sweetwater County violated 15 U.S.C.A. § 1692e(2)(A) by filing the Medical Lien and/or mailing notice of said filing to Claimant which falsely represented the character of Claimant's alleged Debt as secured by Claimant's real property.

e. **Violation of 15 U.S.C.A. §1692e(4) and Chapter 4, Section 6 of the Rules & Regulations of the Wyoming Collection Agency Board**
    i. Memorial Hospital of Sweetwater County violated 15 U.S.C.A. § 1692e(4) by filing the Medical Lien and/or mailing notice of said filing to Claimant which represented that the nonpayment of the debt will result in the attachment of Claimant's property when such action was unlawful.

f. **Violation of 15 U.S.C.A. §1692f(6) and Chapter 4, Section 6 of the Rules & Regulations of the Wyoming Collection Agency Board**
    i. Memorial Hospital of Sweetwater County violated 15 U.S.C.A. § 1692f(6) by filing the Medical Lien which was a nonjudicial action to effect disposition or disablement of Claimant's bundle of property rights when Memorial Hospital of Sweetwater County had no present right to possession of the property claimed as collateral through an enforceable security interest.

g. **Negligence**
    i. That pursuant to the Health Insurance Portability and Accountability Act (42 U.S.C.A. 1302(a); 42 U.S.C.A. 1320d through 1320d-7; Public Law 104 et seq., 42 CFR 1395x et seq.,), the Fair Debt Collection Practices Act (15 W.S.C.A. § 1601 et. seq.), Wyoming's adoption of the Fair Debt Collections Practices Act (Rules & Reg. of the Collection Agency Board), Wyo. Stat. § 35-2-605 through Wyo. Stat. § 35-2-617, and/or common law, Memorial Hospital of Sweetwater County had a duty to maintain confidential and not disclose to the public Claimant's alleged debts or the names of medical service providers that offered services to Claimant and a duty to ensure compliance by all agents, contractors and/or business associates of Memorial Hospital of Sweetwater County.
    ii. That the Memorial Hospital of Sweetwater County breached its duty to maintain confidential such information by willfully and wantonly publishing, allowing to be published, and/or failing to take required steps to prevent the publication, to the public and the world the information contained on the Medical Lien.
    iii. That the publishing of the Medical Lien caused Claimant to experience, *inter alia*, fright, angst, anxiety, worry, embarrassment, humiliation, mental anguish and/or emotional distress as well as damage to Claimant's credit and/or other property.

h. **Defamation of Character**
    i. That the Medical Lien falsely stated that Claimant's alleged debt was secured and that Claimant's "property may not be sold, traded, deeded, willed or in any way change ownership without payment in full to be made directly to Collection Professionals, Inc...."

      ii. That the false Medical Lien was published to the county clerk or deputy clerk, credit reporting agencies, and constructively to the whole world.

      iii. That the false information contained in the Medical Lien was willfully and wantonly published.

      iv. That the publication of the Medical Lien caused harm to Claimant's reputation by holding Claimant up to ridicule and/or scorn.

i. **Invasion of Privacy**

      i. Memorial Hospital of Sweetwater County's unlawful disclosure of private health and financial information gave unreasonable publicity to Claimant's private life.

      ii. Said disclosure was in a manner that would be highly offensive to a reasonable person and is not a legitimate concern to the public.

j. **Invasion of Privacy**

      i. Memorial Hospital of Sweetwater County's improper lien falsely characterized the nature of the alleged debt as secured by Claimant's real property.

      ii. Memorial Hospital of Sweetwater County falsely declaring that the alleged debt was secured by Claimant's real property which gave publicity that unreasonably placed Claimant in a false light before the public.

      iii. Said disclosure was in a manner that would be highly offensive to a reasonable person and the Memorial Hospital of Sweetwater County has knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Claimant would be placed.

k. **Improper Disclosure of Health Care Information**

      i. That Memorial Hospital of Sweetwater County is a Hospital as defined by Wyo. Stat. § 35-2-605(a)(ix) in that they are "establishments with organized medical staff, with permanent facilities that include inpatient beds, and with medical services, including physician services and continuous nursing services, to provide diagnosis, treatment and continuity of care for patients."

      ii. That CPI represented its self as agent for Memorial Hospital of Sweetwater County on the Medical Lien and in fact was acting as Memorial Hospital of Sweetwater County's agent when CPI filed the Medical Lien in the County's public records.

      iii. That the Medical Lien discloses to the public and the world that Claimant or Claimant's immediate family member is and/or was a patient of the medical service providers named on the Medical Lien.

      iv. That the information contained on the Medical Lien is Health Care Information as defined by Wyo. Stat. 35-2-605(a)(vii) in that it "…identifies or can reasonable be associated with the identity of a patient and relates to a patient's health care…."

      v. That the Hospital disclosed health care information in violation of Wyo. Stat. 35-2-606.

B. **NAME AND ADDRESS OF CLAIMANT AND CLAIMANT'S ATTORNEY**
   a. **CLAIMANT:**
      Guy E. Dona
      1331 Kimberly Ave
      Rock Springs, Wyoming 82901

   b. **CLAIMANT'S ATTORNEYS**
      Bret T. Allred
      J. Philip Bott
      Dwight J. Bremer
      Michael B. Wilkerson
      BASIN LAW GROUP, LLC
      210 North Bent Street
      Powell, Wyoming 82435
      307-271-6008
      Fax: 307-754-3482

C. **THE AMOUNT OF COMPENSATION AND OTHER RELIEF DEMANDED**

   Claimant demands judgment against Memorial Hospital of Sweetwater County, striking of the Medical Lien and any release of lien, causing them to be permanently removed from the public record as if they had never been filed, and for damages of not less than $13,935 consisting of the following:

   a. Actual damages in the amount not less than $1000.00 joint and severally with the other Defendants;
   b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;
   c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;
   d. Code damages in the amount of not less than $5,000.00;
   e. Statutory damages in the amount of not less than $6,000.00;
   f. Jury fee in the amount of $50.00 joint and severally with the other Defendants; and
   g. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants plus any further attorneys fees and costs accrued.

D. **BOARDS, AGENCIES AND INDIVIDUALS:**
   These claims are made against Memorial Hospital of Sweetwater County, their employees and representatives. Those who are or may be responsible are administrators, board members, quality assurance directors, risk management employees, accounting and billing staff, HIPAA and Privacy Coordinators, staff assigned to contract with and oversee external contracting companies, and other staff associated with the billing and/or collections (both internal and external) of outstanding accounts receivable.

E. **SERVICE:**
   This Notice of Claims is made pursuant to the Wyoming Governmental Claims Act and is submitted pursuant to statute, and is not to be used for any other reason.

   This Notice of Claim will be served upon the business office of Memorial Hospital of Sweetwater County pursuant to the Government Claims Act along with a duplicate copy for review by Memorial Hospital of Sweetwater County's CEO, Board of Directors, President, CFO, and any other interested party.

DATED this __4__ day of __March__, 2011.

BASIN LAW GROUP, LLC

By: _____
J. Philip Bott – 6-4199
210 North Bent Street
Powell, Wyoming 82435
307-271-6008
Fax: 307-754-3482

STATE OF __Wyoming__ )
)§§
COUNTY OF __Sweetwater__ )

I, Guy E. Dona, have read and understand the provisions of the false swearing statute. I hereby certify under **penalty of false swearing** that the foregoing claim, including all of its attachments, if any, is true and accurate.

_____   __March 4, 2011__
Signature of Claimant                                Date

**Guy E. Dona**
Printed Name of Claimant

Subscribed and sworn to by Guy E. Dona, before me, a Notarial Officer, this __4th__ day of __March__, 20__11__.

_____                                   (Seal).
Notarial Officer
My Commission Expires:
__Oct. 11, 2011__

NOTARY PUBLIC
MARGARET A GIBBENS
STATE OF WYOMING
COUNTY OF SWEETWATER
My Commission Expires Oct 11, 2011